UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MARLON ADAMS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:18-CV-0040 CDP |
|  | ) |  |
| CITY OF ST. LOUIS et al, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Marlon Adams, who is currently incarcerated in St. Charles County Department of Corrections, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed plaintiff's information regarding his prison financial information, the Court will not assess a filing fee at this time. However, for the reasons discussed below, the Court will direct plaintiff to file an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of plaintiff's motion to proceed in forma pauperis, plaintiff has submitted a declaration asserting that the correctional facility has refused to provide him with a prison account statement. Plaintiff states, however, that his current account balance is $0. Consequently, the Court will not assess an initial partial filing fee at this time.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

Pro se complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, they still must allege sufficient facts to support the claims alleged. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004); *see also Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law). Federal courts are not required to "assume facts that are not

alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 914-15. In addition, giving a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a pretrial detainee at St. Charles County Correctional Center. He brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. The complaint contains a long narrative in which plaintiff describes various things he believes violated the law during his time of incarceration at the St. Louis Medium Security Institution ("MSI") during March through August 2017. He has named twelve individual litigants as defendants in this action, as well as the City of St. Louis. The defendants are named in both their individual and official capacities.

Plaintiff claims, for example, that MSI was replete with hazardous conditions of confinement. He claims there was "black mold" throughout the jail, feces and lead in the water supply, grime on the walls, "rats, roaches and snakes" infesting the facility, lack of cleanliness in the cells and showers, poor sanitation, low water pressure and extreme temperatures in the cellblocks. Plaintiff additionally asserts that inmates at MSI were subjected to "fight clubs" by the correctional officers and staff at the prison, and they were disciplined by having food withheld from them if they refused to participate. Last, plaintiff alleges that he was not given an allowance of clothing or proper hygiene items, nor was he given proper recreation during his time at MSI.

Plaintiff's allegations are serious and if properly pleaded would be sufficient in order to pass through § 1915 review. However, as his complaint now stands, plaintiff's complaint lists conclusory allegations in one paragraph and then lists names of defendants in the next paragraph, stating in conclusory terms that those defendants violated his rights. Section 1915 review requires more than such illusory pleading practices.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Here, plaintiff has not adequately alleged facts showing how <u>each defendant</u> was directly involved in or personally responsible for the alleged violations of his constitutional rights.

The complaint also fails to comply with Rule 8 of the Federal Rules of Civil Procedure, which requires, in relevant part, that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Here, the complaint contains a long narrative instead of a short and plain statement of plaintiff's claims.

Because plaintiff is proceeding pro se, the Court will give him an opportunity to file an amended complaint. Plaintiff should type, or neatly print, the amended complaint, and should use a court-provided form. Plaintiff should select the claim(s) he wishes to pursue, and limit the factual allegations to only the defendant(s) who were actually involved. If plaintiff names more than one defendant, he must only assert claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). In the alternative, plaintiff may name one single defendant and bring as many claims as

he has against him or her. *See* Fed. R. Civ. P. 18(a). Plaintiff must specify whether he intends to sue each defendant in an official capacity, individual capacity, or both.[1]

In the "Caption" section of the form complaint, plaintiff should write the name of the defendant(s) he wishes to sue. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that defendant. If plaintiff is suing more than one defendant, he should do the same thing for each one, separately writing each defendant's name and, under that name, a short and plain statement of the factual allegations supporting his claim against that defendant. It is not sufficient to list a group of defendants and say they violated his rights. Instead, plaintiff must allege facts showing how each defendant is directly responsible for the alleged harm. The allegations must be simple, concise and direct, and the numbered paragraphs must each be limited to a single set of circumstances.

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file an amended complaint on a Court-provided form within twenty-one days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Additionally, as plaintiff is no longer housed at MSI and he seems reasonably able to assert his own interests in this matter, the Court will decline to appoint him counsel at this time.

Accordingly,

---

[1] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court will not assess a filing fee at this time.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint within twenty-one (21) days from the date of this Order.

**Plaintiff's failure to timely comply with this order will result in this dismissal of this case without prejudice and without further notice.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #2] is **DENIED** at this time.

Dated this 10th day of January, 2018.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE